**CREWS LAW FIRM, P.C.**
Robert W. Schmidt, Texas State Bar No. 17775429
701 Brazos, Suite 900
Austin, Texas 78701
Phone: (512) 346-7077
Facsimile: (512) 342-0007
Email: schmidt@crewsfirm.com

**JML LAW, A.P.L.C.**
Cathryn G. Fund, California State Bar No. 293766
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, California 91367
Phone: (818) 610-8800
Facsimile: (818) 610-3030
Email: cathryn@jmllaw.com

**Attorneys for Plaintiff**
LAURA HOMAR

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | |
|---|---|
| LAURA HOMAR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ADDITIVE MANUFACTURING TECHNOLOGIES INC.,<br><br>　　　　Defendant. | Case No.: 1:21-cv-611<br><br>**COMPLAINT FOR:**<br><br>1. **DISCRIMINATION IN VIOLATION OF THE ADA;**<br>2. **RETALIATION IN VIOLATION OF THE ADA;**<br>3. **DISCRIMINATION IN VIOLATION OF THE FEHA;**<br>4. **FAILURE TO PREVENT IN VIOLATION OF THE FEHA;**<br>5. **RETALIATION IN VIOLATION OF THE FEHA;**<br>6. **WRONGFUL TERMINATION IN VIOLATION OF THE FEHA; and**<br>7. **VIOLATION OF LABOR CODE SECTION 925**<br><br>**DEMAND FOR JURY TRIAL** |

1
**COMPLAINT**

Plaintiff, LAURA HOMAR, hereby brings her employment complaint against the above-named Defendants and states and alleges as follows:

## JURISDICTION AND VENUE

1. This is an employment lawsuit, brought pursuant to 42 U.S.C. § 12101 et. seq. to remedy violations of the Americans with Disabilities Act of 1990 ("ADA").

2. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges violations of the laws of the United States of America.

3. The venue is appropriate since the actions giving rise to this lawsuit occurred while Plaintiff was employed with Defendant, whose headquarters are located at 1200 BMC Drive, Suite 800, Cedar Park, Texas 78613, which is located within this district.

## THE PARTIES

4. At all times mentioned herein, Plaintiff LAURA HOMAR was employed by Defendant ADDITIVE MANUFACTURING TECHNOLOGIES INC. At the time of her termination, Plaintiff was a resident of California.

5. At all times mentioned herein, Defendant ADDITIVE MANUFACTURING TECHNOLOGIES INC. was a Delaware corporation, whose headquarters are located at 1200 BMC Drive, Suite 800, Cedar Park, Texas 78613.  Defendant may be served by serving its registered agent, Incorp Services, Inc., 919 North Market Street, Suite 950, Wilmington, Delaware 19801.

## ALLEGATIONS

6. Plaintiff was hired to work with Defendant as an Executive Assistant to the Chief Executive Officer on June 10, 2019 in the United Kingdom.

7. In or around August 2019, Plaintiff informed Defendant that she would need to resign because her husband was offered a job opportunity in Los Angeles, California.  In response, Defendant offered Plaintiff the position of Business Development Executive, which she could perform remotely in California.  Plaintiff accepted the position.

8. In or around the beginning of November 2019, Plaintiff moved to the United States.

9. On November 4, 2019, Plaintiff was promoted to Business Development Manager, North America.

10. On November 13, 2019, as a condition of her employment, Plaintiff was required to sign a Covenant Not to Compete and Non-Disclosure Agreement. Despite having knowledge that Plaintiff would be primarily residing and working in California, the Agreement contained a clause which provided, "This Agreement, and Employee's employment hereunder, shall be construed according to the laws of the State of Texas. Employee further hereby submits to the jurisdiction of, and agrees that exclusive jurisdiction over and venue for any action or proceeding arising out of or relating to this Agreement shall lie in the state and federal courts located in Texas."

11. Throughout her employment, Plaintiff performed her duties in a competent and efficient manner, as supported by her rapid promotional path through the company.

12. In or around December 2019, Plaintiff was diagnosed with Rheumatoid Arthritis, a chronic autoimmune and inflammatory disease.

13. On or about January 7, 2020, Plaintiff provided notice of her diagnosis to Defendant, specifically to her supervisor, Chief Technology Officer Luis Folgar and Chief of Staf Lisa Klages. Plaintiff thereafter requested accommodations, including but not limited to, periodic time to obtain treatment and attend doctor's appointments, travel assistance, and support lifting heavier items, especially when she was having flare-ups.

14. On February 11, 2020 through February 13, 2020, Defendant directed Plainitff to attend a conference held in Anaheim, California, where she represented Defendant in an official event-produced video and met with several prospects, mostly from California and the West Coast, who she proceeded to discuss business opportunities with in the following weeks.

15. On March 13, 2020, while a resident of California, Plaintiff was terminated for "unsatisfactory performance," despite having never been previously counseled or disciplined for any performance issues.

16. Plaintiff is informed and believes, and thereon alleges, that the real reason for her termination was because of Plaintiff's disability and/or her perceived disability and/or in retaliation for requesting accommodations and asserting her rights under the ADA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

17. Plaintiff timely filed a complaint with the California Department of Fair Employment and Housing on July 23, 2020, and received a right to sue letter the same day. This Complaint is timely filed pursuant to that letter.

18. On August 18, 2020, Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a "Right-To-Sue" letter from the EEOC on April 15, 2021. This Complaint is timely filed pursuant to that letter.

**FIRST CAUSE OF ACTION**

**DISCRIMINATION IN VIOLATION OF THE ADA**

19. Plaintiff restates and incorporates the allegations contained in this complaint as though fully set forth herein.

20. Plaintiff is, and at all times material hereto was, an employee covered by the ADA. The ADA prohibits discrimination on the basis of disability in all employment practices.

21. Defendant was at all times material hereto an employer within the meaning of the ADA and, as such, was barred from discriminating in employment decisions on the basis of disabilities as set forth in the ADA.

22. Defendant has at all times relevant hereto regarded Plaintiff as having a disability within the meaning of the ADA. A "disability" means a "a physical or mental impairment that substantially limits one or more major life activities" of an individual. (42 U.S.C. § 12102(1)(A).) Major life activities include, but are not limited to, walking, standing, performing manual tasks, and working. (42 U.S.C. § 12102(2)(A).)

23. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA by engaging in a course of conduct that included, but is not limited to, the acts described in this complaint.

24. As a proximate result of Defendant's discrimination against Plaintiff, Plaintiff suffered and continues to suffer substantial losses in earnings, deferred compensation, and other employment benefits and has suffered and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

25. As a result of Defendant's discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as provided by 42 U.S.C. § 12205.

## SECOND CAUSE OF ACTION

## RETALIATION IN VIOLATION OF THE ADA

26. Plaintiff restates and incorporates the allegations contained in this complaint as though fully set forth herein.

27. At all times herein mentioned, the ADA was in full force and effect and was binding on Defendant. The ADA prohibits retaliation against any person who engages in a protected activity.

28. Plaintiff engaged in a protected activity by requesting reasonable accommodations for her disability. In response, Defendant terminated Plaintiff's employment and accused Plaintiff of having work performance issues.

29. Defendant's conduct as alleged above constituted unlawful retaliation.

30. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.

31. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

32. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under 42 U.S.C. § 12205.

## THIRD CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF THE FEHA

33. Plaintiff restates and incorporates the allegations contained in this complaint as though fully set forth herein.

34. At all times herein mentioned, California Government Code § 12940 et seq., the Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant, as Defendant regularly employed five or more persons.

35. The FEHA requires Defendant to refrain from discriminating against any employee on the basis of, among other things, an individual's disability.

36. Defendant engaged in unlawful employment practices in violation of the FEHA by discriminating against Plaintiff on the basis of her disability.

37. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

38. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

39. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon

employees of Defendant. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

40. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT IN VIOLATION OF THE FEHA

41. Plaintiff restates and incorporates the allegations contained in this complaint as though fully set forth herein.

42. At all times mentioned herein, the FEHA was in full force and effect and was binding on Defendant.

43. The FEHA imposes on an employer a duty to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring, among other things.

44. Defendant failed to take immediate and appropriate corrective action to end the discrimination. Defendant also failed to take all reasonable steps necessary to prevent discrimination from occurring.

45. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and failing and/or refusing to take any or all reasonable steps necessary to prevent discrimination from occurring, Defendant violated the FEHA causing Plaintiff to suffer damages.

46. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary

and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

47. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

48. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendant. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

49. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FIFTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE FEHA

50. Plaintiff restates and incorporates the allegations contained in this complaint as though fully set forth herein.

51. The FEHA protects all individuals from retaliation for engaging in a protected activity. Plaintiff engaged in a protected activity when she requested accommodations for her disability.

52. Thereafter, Defendant retaliated against Plaintiff and ultimately terminated her employment.

53. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

54. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

55. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent retaliation against and upon employees of Defendant. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant and deter others from engaging in such conduct.

56. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

///
///
///

## SIXTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF THE FEHA

**(Against ALL Defendants)**

57. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

58. At all times herein mentioned, the FEHA was in full force and effect and was binding on Defendant, as Defendant regularly employed five or more persons.

59. The FEHA provides that it is unlawful for an employer, because of a disability and/or in retaliation for engaging in a protected activity, to discharge a person from employment.

60. Plaintiff was terminated on account of her disability and/or in retaliation for engaging in a protected activity.

61. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to California Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

62. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

63. Defendant had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent wrongful termination against and upon employees of Defendant. Plaintiff relied on the fact that Defendant would follow these known policies, yet Defendant consciously chose not to follow said policies. Therefore, Defendant's conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Plaintiff should, therefore,

1  be awarded exemplary and punitive damages against Defendant in an amount to be established
2  that is appropriate to punish Defendant and deter others from engaging in such conduct.

3      64.    As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced
4  to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to
5  incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'
6  fees and costs under California Government Code § 12965(b).

## SEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA LABOR CODE SECTION 925

**(Against ALL Defendants)**

10      65.    Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully
11  set forth herein.

12      66.    Pursuant to Labor Code Section 925(a), "An employer shall not require an
13  employee who primarily resides and works in California, as a condition of employment, to agree
14  to a provision that would do either of the following: (1) Require the employee to adjudicate
15  outside of California a claim arising in California; (2) Deprive the employee of the substantive
16  protection of California law with respect to a controversy arising in California."

17      67.    Pursuant to Labor Code Section 925(b), "Any provision of a contract that violates
18  subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of
19  the employee, the matter shall be adjudicated in California and California law shall govern the
20  dispute.

21      68.    On November 13, 2019, as a condition of her employment, Plaintiff was required to
22  sign a Covenant Not to Compete and Non-Disclosure Agreement.  Despite having knowledge
23  that Plaintiff would be primarily residing and working in California, the Agreement contained a
24  clause which provided, "This Agreement, and Employee's employment hereunder, shall be
25  construed according to the laws of the State of Texas.  Employee further hereby submits to the
26  jurisdiction of, and agrees that exclusive jurisdiction over and venue for any action or proceeding
27  arising out of or relating to this Agreement shall lie in the state and federal courts located in
28  Texas."

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800

11

**COMPLAINT**

69. Accordingly, and pursuant to Labor Code Section 925(b), Plaintiff requests that the Court void any contract provision that would require her to adjudicate her claims outside of California or deprive Plaintiff of the substantive protection of California law with respect to a controversy arising in California.

70. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Labor Code § 925(c).

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. Damages for lost wages and benefits, past and future;
2. Compensatory damages;
3. Damages for damage to reputation, emotional distress and mental anguish, past and future;
4. Attorneys' fees, expert fees, expenses and costs of suit;
5. Interest allowed by law;
6. General damages;
7. Special damages;
8. An order requiring Defendant to change and cease using its employment policies to discriminate against disabled employees;
9. Punitive damages;
10. For the voiding of any contract provision that deprive Plaintiff of the substantive protection of California law; and
11. Such other and further relief that is proven to be appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

| | | |
|---|---|---|
| DATED: | July 9, 2021 | CREWS LAW FIRM, P.C. |

          By:    /s/ Robert W. Schmidt
                ROBERT W. SCHMIDT
                Texas State Bar No. 17775429

| | | |
|---|---|---|
| DATED: | July 9, 2021 | JML LAW, A Professional Law Corporation |

          By:    /s/ Cathryn G. Fund
                CATHRYN G. FUND
                California State Bar No. 293766
                **Attorneys for Plaintiff**

JML LAW
A Professional Law Corporation
5855 Topanga Canyon Blvd., Suite 300
Woodland Hills, CA 91367
(818) 610-8800